2023 IL App (2d) 230397-U
No. 2-23-0397
Order filed December 12, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-539 |
| CLARENCE M. FEAZELLE, | ) ) | Honorable Marcy Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in granting the State's petition for pretrial detention.

¶ 2    On October 1, 2023, the defendant, Clarence M. Feazelle, was charged with one count of aggravated domestic battery by strangulation (720 ILCS 5/12-3.3(a-5) (West 2022)), a felony, and two counts of misdemeanor domestic battery (*id.* § 12-3.2(a)(1)).  The circuit court of De Kalb County granted the State's verified petition to deny defendant's pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)).  The defendant appeals.  We affirm.

¶ 3    This appeal is brought pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date of Act as September 18, 2023). The Act abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022).

¶ 4    In Illinois, all persons charged with an offense are eligible for pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq.* Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 5    Upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that: (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)); (2) the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)); and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community or prevent the defendant's willful flight from prosecution (*id.* § 110-6.1(e)(3)).

¶ 6    In his appeal, the defendant argues that the State did not show, by clear and convincing evidence, that any of these three requirements was met. "Evidence is clear and convincing if it

---

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither of those names is official, as neither appears in the Illinois Compiled Statute or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services,* 2023 IL 127712, ¶ 74.

¶ 7 We dispose of the first argument easily. The defendant argues that the State did not present clear and convincing evidence that he strangled the victim, his girlfriend, because although witnesses saw him remove the victim from a car and begin kicking her, they did not see him strangle her and the police report of the victim's statements was phrased confusingly, making it unclear whether the defendant had strangled her on that date or an earlier date. However, under section 110-6.1(a)(4) of the Code, offenses qualifying for pretrial detention include both domestic battery and aggravated domestic battery under sections 12-3.2 and 12-3.3 of the Criminal Code of 2012. *Id.* §110-6.1(a)(4). Given the evidence that the defendant kicked the victim and thus committed domestic battery as defined in section 12-3.2(a)(1) of the Criminal Code of 2012, the State clearly and convincingly established that the defendant committed an offense that qualifies for pretrial detention.

¶ 8 The second argument presents a more substantial question. In making a determination of a defendant's dangerousness, a trial court may consider, among other things: (1) the nature and circumstances of any charged offense, including whether it is a crime of violence or a sex crime, or involved a weapon; (2) the defendant's characteristics and history, including any criminal history indicative of violent, abusive, or assaultive behavior, and any psychological history indicative of a violent, abusive, or assaultive nature, and the lack of any such history; (3) the identity of the person believed to be at risk from the defendant and the nature of the threat; (4) statements by the defendant and the circumstances of such statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of any victim or complaining witness; (7) the defendant's access to any weapon; (8) whether the defendant was on probation,

parole, or the like at the time of the charged offense or any other arrest or offense; and (9) any other factors that have a reasonable bearing on the defendant's propensity for violent, abusive, or assaultive behavior, or the lack of such behavior. *Id.* § 110-6.1(g).

¶ 9    At the pretrial detention hearing, the defendant made a proffer that, if called as a witness, the victim would testify that the defendant did not strangle her, that the marks on her neck were caused by her trying to get out of the car in a confused and hysterical state while her seatbelt was still on, that she did not feel threatened by the defendant, and that she would like the defendant to be released prior to his trial. In addition, the pretrial services report stated that the defendant's risk assessment test results yielded a score of 3 out of 14, meaning that there was a 93% probability that he would appear for all future hearings and that no new cases would appear as he awaited trial. He had no prior domestic violence complaints; his only criminal history was a DUI in 2021 and convictions in 2016 for engaging in consensual sex with a child over the age of 15. The defendant cites this evidence and argues that the State did not show, by clear and convincing evidence, that he posed a risk of danger to any person.

¶ 10    The State argues that the victim told the police that the defendant placed his hands on her neck and pushed down so that she could not breathe. The trial court agreed with the State that the reference to an earlier date in the police report did not mean that the strangulation took place on the earlier date, but that the dating relationship between the defendant and the victim was established on an earlier date. Further, there was ample evidence that the defendant physically removed the victim from the car and violently kicked her. Thus, the statutory factor of whether the offense charged was a crime of violence was met. *Id.* § 110-6.1(g)(1). The defendant also had some criminal history, including convictions of sex with a minor over the age of 15, an offense indicative of abusive behavior. See *id.* § 110-6.1(g)(2)(A). All of this, the State argues, was

sufficient to support the trial court's determination that the defendant posed a threat to the safety of any person.

¶ 11    Factual findings, such as a trial court's determination that a defendant posed a real and present threat to the safety of any person, are generally reviewed deferentially and will not be reversed unless they are against the manifest weight of the evidence.[2] See *Indeck Energy Services, Inc. v. DePodesta,* 2021 IL 125733, ¶ 56. A finding is not against the manifest weight of the evidence unless the "opposite conclusion is clearly evident." *Id.* That standard is not met here. While the defendant correctly points out that there was evidence in the record indicating that he did not pose a threat to the safety of the victim, there was contrary evidence as well, and it is not clearly evident that the trial court erred in weighing this conflicting evidence.

¶ 12    Here, in addition to the evidence identified by the State, we note that there is other concerning evidence. There was some indication in the record of an earlier police report involving the defendant and this same victim. On this occasion, the victim had visible cuts to her legs and red marks on her neck following the assault. The defendant was willing to assault his girlfriend in public, indicating that he was not deterred by the presence of witnesses. In addition to the general risk assessment cited by the defendant, the defendant underwent a different risk assessment specifically oriented to assessing the risk of further domestic assault, and his score placed him in a group with a 22% likelihood of a new assault against a female domestic partner within 5 years.

---

[2]Although there may be instances in which a trial court's factual findings are reviewed *de novo* because of the nature of the evidence presented (see *Addison Insurance Co. v. Fay,* 232 Ill. 2d 446, 453 (2009); but see *Evans v. Cook County State's Attorney*, 2021 IL 125513, ¶ 38), neither party contends that is the case here.

Finally, the police report noted that the defendant drove away taking the victim's phone with him, and also confronted the witnesses and asked them what they were doing as they called 911 before he left the scene. On this record, the trial court's determination that the defendant posed a real and present threat to someone's safety was not against the manifest weight of the evidence.

¶ 13 The defendant's final argument on appeal is that the trial court failed to adequately consider alternatives to pretrial detention that could have mitigated the risk of further violence. Under section 110-6.1(g)(3) of the Code, an order for pretrial detention must be based on, among other things, clear and convincing evidence that "no condition or combination of conditions" of pretrial release can mitigate the real and present threat to safety posed by the defendant. *Id.* § 110-6.1(g). If the trial court finds that the State proved a valid threat to someone's safety or the community's safety, it must then determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community ***." *Id.* § 110-5(a). In making this determination, the trial court should consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4)the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the risk that the defendant will obstruct or attempt to obstruct the criminal justice process. *Id.* No single factor is dispositive. *Id.* As with the finding of dangerousness, we review the trial court's finding that regarding whether the imposition of conditions on a defendant's pretrial release would mitigate the safety risk posed by the defendant under the manifest weight of the evidence standard. *Indeck Energy Services,* 2021 IL 125733, ¶ 56.

¶ 14 Here, the trial court expressly considered the violent nature of the charged offenses, the strength of the evidence that the defendant committed those offenses, and the defendant's criminal

history before finding that the threat to safety posed by the defendant could not be mitigated by any combination of pretrial release conditions. The defendant argues that the trial court should not have assumed that he would not follow the court's order that he not have contact with the victim and notes that he had expressed willingness to stay at a hotel to avoid such contact. (The defendant usually shared a home with the victim.) However, as we have noted, the assault was violent, there was some indication in the record of a prior police report regarding the defendant and the victim, and the defendant was willing to disregard the presence of others when assaulting the victim and later even confronted the witnesses, suggesting that he was not easily deterred from his violent behavior and might attempt to obstruct the criminal justice process. We cannot conclude that the trial court's determination that no pretrial release conditions could adequately protect the victim's safety was against the manifest weight of the evidence. *Id.*

¶ 15 For all of these reasons, the trial court did not abuse its discretion by granting the State's motion for pretrial detention. The judgment of the circuit court of De Kalb County is affirmed.

¶ 16 Affirmed.